```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```
___

| | |
|---|---|
| STATE OF TENNESSEE DEPT. OF CHILDREN'S SERVICES, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 22-2197-TLP-tmp |
| LATRESE CLEAVES-FARRIS, KEVIN GIBSON, JERRY KING SR., DESZI RAE FARRIS, and DERRICK WEBBER, ) ) ) ) ) ) | |
| Defendants. ) | |

___

**REPORT AND RECOMMENDATION**
___

Before the court is Latrese Cleaves-Farris's "Counter-Petition/Complaint" against the State of Tennessee Department of Children's Services ("DCS").[1] (ECF No. 7.) This case came before the undersigned by way of a Notice of Removal filed by Cleaves-Farris on March 29, 2022. (ECF No. 1.) Cleaves-Farris appears to have attempted to remove an ongoing state court proceeding regarding the termination of her parental rights; however, she has not attached the complaint filed by the state court plaintiff and attempts to only bring her state court counterclaims to federal

___

[1] Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

court. Due to concerns regarding subject matter jurisdiction, the undersigned ordered Cleaves-Farris to show cause as to why the case should not be dismissed on May 18, 2022. (ECF No. 8.) Cleaves-Farris responded with a Motion for Extension of Time to File Response to the Order to Show Cause, which the undersigned granted on June 1, 2022. (ECF Nos. 9-10.) Cleaves-Farris was granted until July 1, 2022, to file a response to the Order to Show Cause. (ECF No. 10.) As of the date of this order, she has not responded.

Cleaves-Farris raises constitutional claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses, as well as state law claims of slander, defamation, and libel. (ECF No. 1-1 at PageID 6.) There are few facts supporting these counterclaims. All appear to stem from DCS filing "a Termination of Parental Rights (TPR) petition against [Cleaves-Farris] in October 2022 in the Shelby County Juvenile Court." (Id. at PageID 5.) Cleaves-Farris claims that the State failed to "inform her of hearing dates" before proceeding with hearings against her, that the State "through its authorized Social Worker, defamed [her]," and that she was "denied due process and treated differently when she was denied access to her biological children['s] medical/health and school records or notification of illnesses[.]" (Id. at PageID 6.) As a remedy for these claims, she seeks "an order against [the] State ordering the conduct described herein and any amended counter-complaints to cease and desist and for a

declaratory judgment and allow her to amend as a matter of course." (Id.) As discussed in the Order to Show Cause, the undersigned has noticed issues with the Notice of Removal that raise concerns regarding the court's jurisdiction. Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte.")

The undersigned notes that federal courts typically abstain from intervening in this type of ongoing state proceeding. Lance v. Locke, No. 3:12-cv-757, 2012 WL 4192893, at *4 (M.D. Tenn. Sept. 18, 2012) (noting that "state proceedings concerning child custody and parental rights clearly implicate important state interests" and require abstention) (citing Moore v. Sims, 442 U.S. 415 (1979); Mann v. Conlin, 22 F.3d 100, 106 (6th Cir. 1994)). Further, the Notice of Removal filed with this court appears to be defective. The Notice is signed only by Cleaves-Farris, there is no indication that all defendants joined in the removal, and there is no indication that DCS has been properly notified of the removal, among other problems. (ECF No. 1.)

But fatally for the case, the court lacks subject matter jurisdiction over "domestic relations disputes involving child custody or divorce." Partridge v. State of Ohio, 79 F. App'x 844, 845 (6th Cir. 2003). While Cleaves-Farris describes her claims as

- 3 -

involving state law and constitutional violations, the relief she seeks implicates this "domestic relations exception" by requiring the court to "modify or interpret an existing divorce or child-custody decree." Gordon v. Smith, No. 3:22-cv-00477, 2022 WL 2349141, at *1 (M.D. Tenn. Jun. 29, 2022) (quoting Alexander v. Rosen, 804 F.3d 1203, 1205 (6th Cir. 2015)). The applicability of this exception is dependent upon "the remedy that the plaintiff seeks." Chevalier v. Estate of Barnhart, 803 F.3d 789, 797 (6th Cir. 2015). Cleaves-Farris's sought remedy is vague, but involves a "declaratory judgment" and ordering the State to "cease and desist" the conduct described in the complaint, conduct which includes commencing a TPR proceeding against her. The sought remedies could also impact any existing child-custody decrees stemming from the underlying state proceedings. Accordingly, the undersigned recommends dismissing the case pursuant to the domestic relations exception.

Based on the above, the undersigned recommends that Cleaves-Farris's complaint be dismissed for lack of subject matter jurisdiction.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 20, 2022
Date

## NOTICE

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**